UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| SEAN MURPHY and DENISE PAGELS, <br> V.M., A.M., E.M., by next friend and parents, <br> SEAN MURPHY and DENISE PAGELS, <br> and all other similarly situated residents, <br><br> Plaintiffs, <br><br> v. <br><br> TOWN OF FARRAGUT, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) | No. 3:23-CV-402-TRM-JEM |

**REPORT AND RECOMMENDATION**

This case is before the undersigned pursuant to 28 U.S.C. § 636, the Rules of this Court, and the Order referring the matter to the undersigned for a report and recommendation [Doc. 119].

Now before the Court are the following motions: (1) Defendant Joseph A. Fielden and J.A. Fielden Co., Inc.'s Motion for Attorneys' Fees [Doc. 83], (2) Plaintiffs' Motion for Leave to Depose Ford Little, Esq., Counsel for the J.A. Fielden Defendants ("Motion to Depose") [Doc. 84], (3) Defendants Joseph A. Fielden and J.A. Fielden Co., Inc.'s Motion to Strike Plaintiffs' Motion for Leave to Depose Ford Little, Esq. ("Motion to Strike") [Doc. 94], (4) Plaintiffs' Motion for Extension of Time to Respond [Doc. 102], (5) Plaintiffs' Second Motion for Extension of Time to Respond [Doc. 110], and (6) Plaintiffs' Request for Leave to File a Sur-Reply to Joseph Fielden and J.A. Fielden Co., Inc.'s Reply to Plaintiffs' Reply to Motion for Attorneys' Fees and Motion to Strike Plaintiffs' Motion for Leave to Depose Ford Little, Esq. ("Motion to File Sur-Reply") [Doc. 121].[1]

---

[1] The undersigned has included Plaintiffs' motions for extensions [Docs. 102 and 110] in this Report and Recommendation given that they are related to the motions that Chief District Judge McDonough referred [*See* Doc. 119].

These motions are ripe for adjudication. *See* E.D. Tenn. L.R. 7.1(a). For the reasons set forth below, the Court **RECOMMENDS** that the Chief District Judge **DENY** the Motion for Attorneys' Fees [**Doc. 83**] and **DENY AS MOOT** the remaining motions [**Docs. 84, 94, 102, 110, 121**].[2]

## I. BACKGROUND

On November 8, 2023, Plaintiffs filed their Complaint [Doc. 1]. A few days later, on November 11, 2023, they filed a First Amended Complaint ("Amended Complaint") [Doc. 6]. The 92-page Amended Complaint, with over 2,000 pages of exhibits, named various Defendants, including Joseph A. Fielden and J.A. Fielden Co., Inc. (the "Fielden Defendants"); the Town of Farragut ("Town"); Mayor Ron Williams ("Mayor Williams"); Vice-Mayor Louise Povlin ("Vice-Mayor Povlin"); Republic Newspapers, Inc.; Kirk Swor, the president of the Brixworth Homeowner's Association ("BHOA"); the Farragut Business Alliance, Inc.; and Biddle Farms Residential, LLC ("BFR") [*Id*. at 1].[3]

Plaintiffs are residents of the Town, who own a home in the Brixworth subdivision [*Id*. ¶ 1]. The allegations related to the Town's Biddle Farm Project, "a development project

---

[2] On July 25, 2024, Plaintiffs filed a Notice of Appeal [Doc. 125]. This notice does not divest the Court of jurisdiction over a post-judgment motion for attorneys' fees. *Jankovich v. Bowen*, 868 F.2d 867, 871 (6th Cir. 1989) ("[F]ederal courts repeatedly have held that the filing of a notice of appeal in the underlying action does not affect the district court's jurisdiction to consider a post-judgment motion for attorneys['] fees." (citation omitted)); *see also Parrish v. Bennett*, No. 3:20-CV-275, 2020 WL 7641185, at *1, n.2 (M.D. Tenn. Dec. 23, 2020) (noting that the court had jurisdiction to decide the defendant's motion for attorney's fees under 28 U.S.C. § 1927, despite the plaintiff's notice of appeal).

[3] The caption of the Amended Complaint appeared to name Knox County, Tennessee, Inc., as a Defendant [*See* Doc. 6 p. 1]. On March 18, 2024, Chief District Judge McDonough entered an Order, stating that "the parties are in agreement that Knox County, Tennessee, Inc., is not a party to this action. To the extent [it] was ever a party in this matter, it is hereby **DISMISSED** from this action" [Doc. 74 p. 1].

designed to increase the availability of low-income housing in the area" [Doc. 81 p. 2 (footnote omitted)]. Plaintiffs alleged that the "Biddle Farm[] Project fraudulently ignores and exacerbates existing problems with traffic, parking, stormwater infrastructure and school crowding" [Doc. 6 p. 4]. Defendant Town hired J.A. Fielden Co., Inc., Defendant Joseph A. Fielden's company, to construct the Biddle Farm Project [Doc. 81 p. 2 n.1 (citation omitted)]. The Amended Complaint generally alleged that the Biddle Farm Project was approved behind closed doors, that it violated the Town's existing regulations, and that the Knox County Commission impermissibly passed more than seven million dollars in tax increments to finance it [Doc. 6 ¶¶ 123–97].

In protest to the Biddle Farm Project, Plaintiff Sean Murphy posted "political yard art" that "consist[ed] of [three] memes parodying and criticizing . . . Defendant Williams, Defendant Povlin, and Alderman Scott Meyer" [*Id.* ¶ 242 (citation omitted)]. Plaintiffs claimed that in retaliation for the "political yard art," the Town cited them for violating a sign ordinance and fined them $1,800 [*Id.* at 5–6]. The BHOA also removed Plaintiff Murphy's privileges as punishment [*Id.* ¶ 270]. The Amended Complaint alleged that Plaintiff Murphy voiced his concerns about the Biddle Farm Project on various platforms, including his newspaper, the "Farragut Free Press" [*Id.* ¶¶ 225–26]. In retaliation, the unnamed co-conspirators engaged in "character assassination of the Plaintiffs, including, but not limited to, [making] false allegations of aggravated assault by false statement of Plaintiff [Sean] Murphy[] [using his] vehicle [to] try[] to run down Mayor Williams" [*Id.* at 6]. Plaintiffs alleged that Defendants published lies about them, including that "[Plaintiff Sean] Murphy was charged with a crime in Connecticut" [*Id.*]. According to the Amended Complaint, Defendants took these actions in retaliation against Plaintiffs for speaking out about the Biddle Farm Project [*Id.* at 6–7]. Specifically, with respect to the Fielden Defendants,

3

Plaintiffs alleged that they conspired to violate Plaintiff Sean Murphy's procedural due process rights under the Fourteenth Amendment in violation of the First Amendment [*Id.* ¶¶ 269–75].[4]

Sometime in November 2023, Plaintiffs' counsel, Attorney Russell Egli, and counsel for the Fielden Defendants, Attorney Ford Little, participated in a telephone call about "find[ing] an avenue for reaching a voluntary dismissal" of the Fielden Defendants and Defendant BFR [Doc. 49-1; *see also* Doc. 114-6 ¶ 2]. Attorney Little represented "that the Fielden Defendants were merely contractors and had nothing to do with the federal grant funds distributed which are at issue in this lawsuit" [Doc. 114-6 ¶ 4]. Attorney Egli disagreed with Attorney Little's representation [*Id.* ¶¶ 5–6]. In a letter dated November 26, 2023, Attorney Egli explained that he had engaged in a "pre-suit investigation into the facts surrounding this lawsuit" [Doc. 114-7 pp. 2–3]. He stated that Plaintiffs intended to amend their Amended Complaint to add a conspiracy claim and averments about the Fielden Defendants' involvement [*Id.* at 3]. The letter accused the Fielden Defendants of accepting federal funds for which they were not entitled [*Id.* at 4–5].

On January 3, 2024, the Fielden Defendants moved to dismiss the Amended Complaint [Docs. 27 and 29]. The parties fully briefed the motions [Docs. 41, 42, 48, 49], and on April 15, 2024, Chief District Judge McDonough granted the Fielden Defendants' requests, finding:

> Take J.A. Fielden, Co., for example. In the amended complaint, Plaintiffs allege that J.A. Fielden, Co. "is not merely the contractor hired to construction [sic] the unlawful Biddle Farm Project," and that the entity "conspired" with others. (Doc. 6, at 5–10.) They do not specify J.A. Fielden Co.'s role in the retaliation conspiracy or allege facts that could lend to the conclusion it shared in the conspiratorial end of silencing Murphy. They also do not explain how or whether J.A. Fielden knew about Murphy's criticism about the Biddle Farm Project.

* * *

---

[4] Plaintiffs alleged various other counts, but it is not clear whether these counts relate to the Fielden Defendants [*See, e.g.*, Doc. 6 ¶¶ 296–304].

> The same goes for Joe Fielden. Plaintiffs generally allege that "the Fielden Defendants and co-conspirators . . . agreed to enter into a conspiracy to defraud [Town] residents and others by using the Defendant Farragut Press and Defendant FBA to spread false media propaganda regarding both the Plaintiffs and the Biddle Farm Project." (Doc. 6, at 6.) They do not describe how defrauding Town residents is part of Defendants' grand plan to silence Murphy, nor do they specify how spreading lies about him in the news would accomplish this goal. In fact, Plaintiffs supply zero facts linking either Defendant to the article's publication. (*See, e.g.*, *id.* at 71 (stating, without reference to the Fielden Defendants, that "Defendant Farragut Press's reporter . . . published the article" about "Defendant Williams' false narrative of the [vehicle] incident"), 79 ("Defendant Farragut Press[] published false information regarding Mr. Murphy trying to run down Mayor Williams in his mini-van").)

[Doc. 81 pp. 24–25 (footnote omitted)].

## II. PENDING MOTIONS

On April 29, 2024, the Fielden Defendants filed the Motion for Attorneys' Fees [Doc. 83]. They do not seek sanctions against Plaintiffs; instead, they seek sanctions against Attorney Egli under 28 U.S.C.§ 1927, claiming that there was "[n]o basis in law or fact underpinn[ing] any of Plaintiffs' claims" [*Id.* at 1].

Subsequently, on May 11, 2024, Plaintiffs filed the Motion for Leave to Depose, which seeks leave to depose the Fielden Defendants' attorneys, Ford Little, Grace Ewell, and Cole Wheeler, regarding their billing statements [Doc. 84]. In light of Plaintiffs' request to take depositions, they also seek an extension to fully respond to the Fielden Defendants' Motion for Attorneys' Fees [*Id.*].

On May 20, 2024, the Fielden Defendants filed the Motion to Strike [Doc. 94]. Citing to Rule 12(f) of the Federal Rules of Civil Procedure, they state the Motion for Leave to Depose "is irrelevant and prejudicial to the Fielden Defendants" [*Id.* at 1]. To the extent the Court declines to strike that motion, the Fielden Defendants request that the "Court deny Plaintiffs' Motion because

5

[they] fail to provide the Court with any legal basis for the requested depositions" [*Id*.]. They also state that the Court should deny "Plaintiffs' request for an extension of time to respond to [their] Motion for Attorneys' Fees . . . because Plaintiffs have not established good cause for an extension" [*Id*.]. Given that Plaintiffs have not responded to the Motion for Attorneys' Fees, the Fielden Defendants assert that "the Court should grant [the m]otion as unopposed under Local Rule 7.2" [*Id*. (footnote omitted)].

On June 3, 2024, Plaintiffs requested additional time to respond to the Fielden Defendants' Motion to Strike [Doc. 102]. The Fielden Defendants opposed this motion [Doc. 103]. Later, on June 14, 2024, Plaintiffs filed another motion requesting an extension to respond to the Fielden Defendants' Motion to Strike [Doc. 110]. The Fielden Defendants opposed this motion [Doc. 111].

On June 18, 2024, Plaintiffs filed the Response to Joseph A. Fielden and J.A. Fielden Co. Motion for Attorneys' Fees and Motion to Strike Plaintiffs' Motion for Leave to Depose Attorneys ("Response") [Doc. 114]. Plaintiffs outline the background relating to the underlying allegations [*Id*. at 2–5]. They argue that "Mr. Little is conflicted and violated his ethics by representing the Fielden Defendants" [*Id*. at 5]. Plaintiffs detail the procedural history of this case, including Attorney Egli's interactions with Attorney Little [*Id*. at 7–12]. They request that the Court "submit Mr. Little for discipline under [Local Rules] 83.6 and 83.7 for the [untrue] statements made to this Court" [*Id*. at 12]. They also reiterate their request to "depose the Fielden [Defendants' a]ttorneys . . . so that [they] can properly respond to the Motion for Attorneys' Fees under the Due Process Clause" [*Id*.].

Next, the Fielden Defendants filed the Reply to Plaintiffs' Response to Motion for Attorneys' Fees and Motion to Strike Plaintiffs' Motion for Leave to Depose Ford Little, Esq. [Doc. 118]. They assert that Plaintiffs failed to respond to the facts and legal arguments in their

6

Motion for Attorneys' Fees and in their Motion to Strike [*Id*. at 1–2]. Given Plaintiffs' failure to substantively respond, the Fielden Defendants submit that their motions should be granted [*Id*.].

On June 28, 2024, Plaintiffs filed the Motion to File Sur-Reply [Doc. 121]. According to Plaintiffs, "[t]he proposed sur-reply . . . presents new matters to this Court regarding [Attorney] Little's misconduct in this litigation" [*Id*. at 2].

The Fielden Defendants filed a response in opposition, stating that "Plaintiffs do not meet their burden of satisfying the standard for granting leave to a party to file a [s]ur-[r]eply" [Doc. 122 pp. 1–2 (citation omitted)].

### III. REQUEST FOR ATTORNEYS' FEES

The Fielden Defendants argue that attorney fees are appropriate under 28 U.S.C. § 1927 because "[a]t its core, this was a meritless and harassing lawsuit with regard to [the] claims against [them]" [Doc. 83 p. 1]. Stating that an award is appropriate, the Fielden Defendants claim that "Attorney Egli knew that the claims asserted were without merit from the time he filed the initial complaint, especially with respect to the Fielden Defendants" [*Id*. at 6]. According to the Fielden Defendants, "[He] made no attempt at any stage of the proceedings to assert facts connecting [them] to an asserted cause of action" [*Id*.]. "[E]ven assuming that Attorney Egli did not know that the claims against the Fielden Defendants were baseless at the time of filing the initial and Amended Complaint," the Fielden Defendants argue, "he certainly knew or should have known once contacted by Attorney Little regarding these deficiencies" [*Id*.]. The Fielden Defendants state that "[a]t a minimum, Attorney Egli's conduct from the time of the meet and confer with Attorney Little forward is sufficient to warrant an award of attorneys' fees under [s]ection 1927" [*Id*.]. In addition, the Fielden Defendants argue that "once faced with a multitude of motions [to dismiss] showing that the claims in the Amended Complaint were without merit, Attorney Egli indicated

7

that he would be adding more plaintiffs to the baseless action" [*Id*. at 7 (citation and emphasis omitted)]. In support of their request, they filed the Declaration of J. Ford Little [Doc. 83-1].

On June 18, 2024, Plaintiffs filed the Response [Doc. 114].[5] They state that "[s]hortly after the CARES Act passed[,] the Fielden Defendants and co-conspirator Miles E. 'Budd' Collum, the Town of Farragut's . . . Mayor Ron Williams and Vice Mayor Louise Povlin . . . entered into a conspiracy to steal from the American taxpayers and violated multiple [s]tate and [f]ederal laws" [*Id*. at 2]. Characterizing themselves as "whistleblowers," Plaintiffs state that "Plaintiff Murphy set out to expose the Fielden Defendants and [the Town of Farragut] Defendants by exercising his First Amendment rights" [*Id*. at 3]. Plaintiffs therefore hired Attorney Egli, and after they filed the Complaint, "the [Town] Defendants and co-conspirators began to remove, alter documents, and destroy ESI[,]" leading Attorney Egli to file a motion for sanctions" [*Id*. at 4–5]. Plaintiffs accuse Defendants and other parties of harassing, intimidating, and threatening Attorney Egli [*Id*. at 5]. They argue that "Mr. Little is conflicted and violated his ethics by representing the Fielden Defendants [because he] sits on the board of the non-profit corporation organized under Tenn. Code Ann. § 7-53-101, the Industrial Development Board of the County of Knox" ("IDB") [*Id*.]. Citing to the Amended Complaint, Plaintiffs state that they alleged that the [IDB] "is currently operating unlawfully" [*Id*.]. According to Plaintiffs, "Mr. Little also s[i]ts on the public

---

[5] Plaintiffs' Response was untimely. *See* E.D. Tenn. L.R. 7.1(a). But they sought an extension to respond to the motion in their Motion for Leave to Depose, stating that an extension will allow them time to depose defense counsel and file their response to the Fielden Defendants' Motion for Attorneys' Fees [Doc. 84 p. 1]. The undersigned has considered Plaintiffs' Response in this Report and Recommendation because courts do not construe requests for sanctions lightly. *Gambrell v. Gen. Motors, LLC*, No. 21-11846, 2022 WL 17253882, at *3 (E.D. Mich. Nov. 28, 2022) ("Sanctions are not taken lightly."). And due process requires that "a party or attorney facing sanctions must . . . have a meaningful opportunity to respond to the allegations against them." *KCI USA, Inc. v. Healthcare Essentials, Inc.*, 797 F. App'x 1002, 1007 (6th Cir. 2020). But even if the Court did not consider Plaintiffs' Response, it would not change the analysis because the Fielden Defendants do not meet their burden under § 1927.

8

non-profit Health, Educational & Housing Facility Board of the County of Knox . . . ('HEB of Knox')" [*Id*. at 6]. "Both the IDB Knox and the HEB of Knox[,]" Plaintiffs allege, "have and continue to act ultra vires and have committed fraud" [*Id*. at 7]. Plaintiffs outline the procedural history of this case, including Attorney Egli's interactions with Attorney Little [*Id*. at 7–12].

In addition, according to Plaintiffs, the Court's Memorandum and Order dismissing the Amended Complaint "rel[ied] on false narratives . . . ignored the Plaintiffs' arguments and evidence, [and] used inapplicable case law and cites case law incorrectly" [*Id*. at 11]. They request that the Court submit Attorney Little for discipline under Local Rules 83.6 and 83.7 [*Id*. at 12].

The Fielden Defendants filed a reply, stating that Plaintiffs "fail[] to respond to the facts and/or the legal arguments [that] form the basis for [their] Motion for Attorneys' Fees" [Doc. 118 p. 1 (citation omitted)]. They assert that "the only reference to statutory law or case law [that] might relate to the basis for [their motion] is a generic reference to the 'Due Process Clause' in the 'Conclusion' section of Plaintiffs' Response" [*Id*. at 2]. The Fielden Defendants therefore assert, "Plaintiffs have waived their opposition to the pending motions and should be considered to have conceded the points" [*Id*. (citation omitted)]. Further, the Fielden Defendants contend that "Plaintiffs' Response is filled with ramblings about a conspiracy, criticism of the Court's Judgment in this case, and personal attacks upon the Fielden Defendants' counsel" [*Id*. (footnote omitted)]. None of which, the Fielden Defendants submit, substantively respond to the Motion for Attorneys' Fees [*Id*.].

Section 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

9

Case 3:23-cv-00402-TRM-JEM   Document 136   Filed 12/17/24   Page 9 of 15
PageID #: 5503

28 U.S.C. § 1927. The United States Sixth Circuit Court of Appeals has held that fees "are warranted when an attorney objectively 'falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party.'" *Bailey v. Papa John's USA, Inc.*, 236 F. App'x 200, 204 (6th Cir. 2007) (quoting *In re Ruben*, 825 F.2d 977, 984 (6th Cir. 1987)).

The standard is objective: "courts need not make a finding of subjective bad faith before assessing monetary sanctions under § 1927." *Id*. (citation omitted). "[But] something more than negligence or incompetence must be demonstrated." *Id*. (citation omitted). While fees may be appropriate if an attorney reasonably knows the claim is frivolous, *id.*, "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply that the proceedings were intentionally or unreasonably multiplied," *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997) (citation omitted). "'The purpose is to deter dilatory litigation practices and to punish aggressive tactics that far exceed zealous advocacy.'" *Wershe v. City of Detroit*, No. 21-11686, 2024 WL 3625312, at *3 (E.D. Mich. Aug. 1, 2024) (quoting *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 646 (6th Cir. 2006)). "A court has 'broad discretion' in making this determination." *El-Khalil v. Tedeschi*, No. 18-12759, 2023 WL 5827666, at *8 (E.D. Mich. Sept. 8, 2023) (quoting *UrbCamCom/WSU I, LLC v. Lexington Ins. Co.*, No. 12-cv-15686, 2014 WL 6612260, at *2 (E.D. Mich. Nov. 20, 2014)).

"A party seeking sanctions bears the ultimate burden of proof to show that sanctions are appropriate." *Bojicic v. DeWine*, 714 F. Supp. 3d 913, 918 (N.D. Ohio 2024) (citations omitted); *see also Scott v. Bank of Am., N.A.*, No. 21-11068, 2022 WL 4587839, at *12 (E.D. Mich. Sept. 29, 2022) ("The burden of proof is on the party seeking attorney fees under § 1927."

(citing *Cook v. Am. S.S. Co.*, 134 F.3d 771, 776 (6th Cir. 1998)). If the moving party meets the "initial burden of production through a prima facie showing[,] . . . the burden of production shifts to the sanctions respondent to come forward with a reason why they should not be sanctioned." *Bojicic*, 714 F. Supp. 3d at 919 (emphasis omitted).[6]

The Fielden Defendants argue that Plaintiffs' claim against them did not have any evidentiary support [Doc. 83 p. 5] and that "Attorney Egli knew that the claims asserted were without merit from the time he filed the initial complaint" [*Id.* at 6]. Some courts "have declined to award sanctions under § 1927 based on the filing of allegedly frivolous claims in an initial complaint." *El-Khalil*, 2023 WL 5827666, at *8.[7] This is because "the plain language of the statute only penalizes attorneys who vexatiously and unreasonably 'multiply' proceedings." *Beverly v. Shermeta L. Grp., PLLC*, No. 2:19-CV-11473, 2020 WL 2556674, at *1 (E.D. Mich. May 20, 2020) ("[C]ourts generally do not impose sanctions under 28 U.S.C. § 1927 based on the filing of an initial complaint that turns out to be meritless").[8] The undersigned recommends that the Chief

---

[6] The Fielden Defendants argue in their reply that Plaintiffs failed to substantively respond to their arguments, and therefore, have conceded the points they raised [Doc. 118 p. 2]. Indeed, the Plaintiffs' Response did not substantively respond to the merits of the Motion for Attorneys' Fees, but it instead consisted of unprofessional attacks against the Court [*see, e.g.*, Doc. 114 p. 11] and included inappropriate requests to discipline defense counsel, which the undersigned will not address, *see* E.D. Tenn. L.R. 83.7 (explaining the procedure for disciplinary matters). Regardless, the Fielden Defendants have not met their burden to show they are entitled to an award under § 1927.

[7] Some courts, however, have imposed sanctions under § 1927 based upon a frivolous complaint. The undersigned finds these cases distinguishable from this one. *See, e.g.*, *Bojicic*, 714 F. Supp. 3d at 936 (finding attorneys' fees warranted under § 1927 because there was "indisputably clear-cut and irrefutable authority" rendering the complaint "frivolous and fruitless"); *Parrish v. Bennett*, No. 3:20-CV-275, 2020 WL 7641185, at *4 (M.D. Tenn. Dec. 23, 2020) ("Mr. Parrish engaged in vexatious conduct that unreasonably multiplied the proceedings by filing the instant suit after pursuing a string of unsuccessful state court appeals and dilatory motions related to the same underlying suit.").

[8] *See Jensen v. Phillips Screw Co.*, 546 F.3d 59, 65 (1st Cir. 2008) ("[W]e join an unbroken band of cases across the courts of appeals holding that a lawyer cannot violate section 1927 in the

11

District Judge decline to impose sanctions under § 1927 based on the filing of the Complaint alone. *See Gibson v. Solideal USA, Inc.*, 489 F. App'x 24, 32 (6th Cir. 2012) ("While it alleges that [the plaintiff's attorney] should have made additional legal inquiries into the bases for [the plaintiff's] claim, this is insufficient[.]" (citation omitted)); *El-Khalil*, 2023 WL 5827666, at *10 ("In this circumstance, the reiteration of [False Claims Act] claims in an amended complaint—even if they turned out to be meritless—does not amount to sanctionable conduct under § 1927." (citation omitted)); *Beverly*, 2020 WL 2556674, at *2 (finding that although the plaintiff's "argument was weak and ill-considered, it [did] not warrant an attorney fee award under [s]ection 1927"); *Hunter v. Hamilton Cnty.*, No. 1:15-CV-540, 2017 WL 35445, at *5 (S.D. Ohio Jan. 3, 2017) ("[T]he fact that plaintiff's claims were dismissed for failure to state a claim for relief is not tantamount to a finding that her claims against defendant . . . were legally frivolous." (citation omitted)), *report and recommendation adopted*, No. 1:15CV540, 2017 WL 366364 (S.D. Ohio Jan. 25, 2017).

Defendants also assert that "even assuming that Attorney Egli did not know the claims against the Fielden Defendants were baseless at the time of filing the initial and Amended Complaint, he certainly knew or should have known once contacted by Attorney Little regarding these deficiencies" [Doc. 83 p. 6]. Upon review of the record, Plaintiffs filed their initial Complaint

---

course of commencing an action." (collecting cases)); *Steinert v. Winn Group, Inc.*, 440 F.3d 1214, 1224 (10th Cir. 2006) ("[The attorney] maintains, then, that the district court erred in sanctioning him for filing the initial complaint. We agree, to the extent that the court actually did so."); *MEMC Elec. Mat'ls, Inc. v. Mitsubishi Mat'ls Silicone Corp.*, 420 F.3d 1369, 1382 (Fed. Cir. 2005) (finding that § 1927 sanctions can only be awarded "'once a lawsuit has begun'" (citation and emphasis omitted)); *DeBauche v. Trani*, 191 F.3d 499, 511 (4th Cir. 1999) ("[A]n attorney who files a meritless claim may not be sanctioned under § 1927 if he does not engage in such conduct. Section 1927 focuses on the conduct of the litigation and not on its merits."); *Zuk v. E. Pa. Psych. Inst.*, 103 F.3d 294, 297 (3d Cir. 1996) ("In this case, the trial court imposed sanctions on plaintiff and his counsel, not because of any multiplicity of the proceedings or delaying tactics, but for failure to make a reasonably adequate inquiry into the facts and law before filing the lawsuit. Thus, the statute does not apply to the set of facts before us."); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 435 (9th Cir. 1996) ("The filing of a complaint may be sanctioned pursuant to Rule 11 or a court's inherent power, but it may not be sanctioned pursuant to § 1927.").

12

on November 8, 2023, and filed their Amended Complaint three days later on November 11, 2023, before any Defendants had responded to the lawsuit. The Fielden Defendants moved to dismiss the Amended Complaint on January 3, 2024, and Chief District Judge McDonough granted their motions on April 15, 2024. In other words, Plaintiffs did not file any other motion pertaining to the Fielden Defendants between the time Attorney Little contacted Attorney Egli and Chief Judge McDonough's dismissal order. *See Gibson*, 489 F. App'x at 31 ("'A sanction is generally improper where a successful motion could have avoided any additional legal expenses by defendants.'" (quoting *Riddle v. Egensperger*, 266 F.3d 542, 553 (6th Cir. 2001)). *Cf. Ridder*, 109 F.3d at 298 ("We believe that [plaintiff's] counsel . . . should be liable for excess costs resulting from his initial filing and persistent assertion of meritless claims, conduct that amounted to unreasonable and vexatious multiplication of the proceedings. [Plaintiff's counsel] brought suit . . . without any evidence to support a basis for municipal liability, and he persisted in pressing the allegations for over five years . . . ."). While the Fielden Defendants assert that after Defendants moved to dismiss, Attorney Egli indicated he would add more plaintiffs, he did not do so. Attorney Egli therefore did not unnecessarily multiply the proceedings during this time. *See Gibson*, 489 F. App'x at 32 ("[The defendant] has not identified any unnecessary multiplication of proceedings based on 'aggressive tactics that far exceed zealous advocacy' so as to implicate 28 U.S.C. § 1927." (citation omitted)).

In sum, while it appears to the undersigned that Attorney Egli fell short of his obligations as counsel in this case,[9] the undersigned does not find that Defendants have met their burden to show this is an extreme case warranting sanctions under § 1927. *See Bojicic*,

---

[9] Chief Judge McDonough opined that the Amended Complaint was "not a model of clarity" [Doc. 81 p. 9]. He stated, "[t]he bulk of it is consumed by meandering commentary on a host of unrelated topics" [*Id.*]. And while Plaintiffs described J.A. Fielden Co.'s conduct as it relates to the Biddle Farm Project, they did not sufficiently allege the Fielden Defendants' role in the conspiracy [*See id.* at 25–26].

13

714 F. Supp. 3d at 936 ("[F]alling short of their obligations under the rules, by itself, is not enough to warrant sanctions under § 1927. The attorney must also have vexatiously or unreasonably multiplied the proceedings." (citation omitted)); *Twee Jonge Gezellen (PTY) Ltd. v. Owens-Illinois*, No. 3:04 CV 7349, 2007 WL 5061696, at *5 (N.D. Ohio Dec. 18, 2007) ("Sanctions under § 1927 should be reserved for extreme cases and be awarded with great caution." (citation omitted)), *report and recommendation adopted in part*, No. 3:04CV7349, 2008 WL 905984 (N.D. Ohio Mar. 31, 2008).

## IV. CONCLUSION

For the reasons stated above, the undersigned **RECOMMENDS**[10] that Defendant Joseph A. Fielden and J.A. Fielden Co., Inc.'s Motion for Attorneys' Fees [**Doc. 83**] be **DENIED**. Given that, the undersigned **RECOMMENDS** that Plaintiffs' Motion for Leave to Depose Ford Little, Esq., Counsel for the J.A. Fielden Defendants [**Doc. 84**], Defendants Joseph A. Fielden and J.A. Fielden Co., Inc.'s Motion to Strike Plaintiffs' Motion for Leave to Depose Ford Little, Esq. [**Doc. 94**], Plaintiffs' Motion for Extension of Time to Respond [**Doc. 102**], Plaintiffs' Second Motion for Extension of Time to Respond [**Doc. 110**], and Plaintiffs' Request for Leave to File a Sur-Reply to Joseph Fielden and J.A. Fielden Co., Inc.'s Reply to Plaintiffs' Reply to Motion for

---

[10] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed'n of Tchrs.*, 829 F.2d 1370 (6th Cir. 1987).

Attorneys' Fees and Motion to Strike Plaintiffs' Motion for Leave to Depose Ford Little, Esq. [**Doc. 121**] be **DENIED AS MOOT**.

Respectfully submitted,

*Jill E. McCook*
Jill E. McCook
United States Magistrate Judge